UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 26-mj-62 (NEB/LIB)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, Plaintiff, | ) | |
| v. | ) | **GOVERNMENT'S MOTION TO DISMISS** |
| ABDIKADIR NOOR, Defendant. | ) | |

The United States of America, by and through its attorneys, Daniel N. Rosen, United States Attorney for the District of Minnesota, and Nicholas R. Grey, Special Assistant United States Attorney, hereby moves that the Court dismiss this case without prejudice pursuant to Rule 48(a) of the Federal Rules of Criminal Procedure.

Dismissal is in the interest of justice based on developments since the filing of the Information. The victim officer has left federal employment, and the United States has been unable to locate him to testify for trial. The memories of the other witnesses have faded since the charged offense.

The United States requests dismissal without prejudice in order to allow potential future prosecution if material evidence should become available. A video recording of the charged offense, for instance, would potentially provide proof beyond a reasonable doubt notwithstanding the absence of the victim's testimony or incomplete memories of other witnesses. Several spectators are

known to have been recording in the vicinity on the day in question, but the U.S. to date has not found footage of the precise time and location.

Dismissal without prejudice is the general rule under Eighth Circuit precedence. "[D]ismissal of an indictment at the request of the Government under Rule 48 prior to trial does not bar subsequent prosecution for criminal acts described in that indictment." *United States v. Oliver*, 950 F.3d 556, 562 (8th Cir. 2020) (citation and quotation marks omitted). The Court may rule upon the government's motion immediately without depriving defendant of notice or an opportunity to be heard because the defendant may request dismissal with prejudice in a motion to reconsider or in a motion to dismiss any future case. *See Ibid.* noting defendant "could have challenged the ruling by filing a motion to reconsider because the Government's motion and district court's ruling were publicly filed" and defendant "had an opportunity to challenge the dismissal when he filed his motion to dismiss the second indictment…"

Dated: November ___, 2026

Respectfully Submitted,

DANIEL N. ROSEN
United States Attorney

*s/Nicholas R. Grey*
BY: NICHOLAS R. GREY
Atty ID 283780CA
Special Assistant U.S. Attorney