**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**Criminal No. 26-mj-62 (NEB/LIB)**

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>vs.<br><br>Abdikadir Noor,<br><br>Defendant. | **Defendant's Response to Government's Motion to Dismiss** |

## INTRODUCTION

Abdikadir Noor does not oppose the government's Motion to Dismiss; he opposes dismissal *without prejudice*. The government has now told the Court that it cannot prove its case. The alleged victim has left federal employment and cannot be found, the other witnesses' memories have faded, and no video shows the alleged assault. Even so, it asks to keep the charge in reserve "in order to allow potential future prosecution if material evidence should become available."[1] That is not a reason to preserve a prosecution. It describes the indefinite uncertainty and public stigma that Rule 48(a)'s leave-of-court requirement exists to prevent. Mr. Noor asks the Court to grant the motion in part, deny it in part, and dismiss this case with prejudice.

1 ECF No. 54 at 1.

## BACKGROUND

### A. The charge and the government's public campaign.

On January 12, 2026, dozens of federal agents conducted an enforcement operation at the Star City Mall in St. Cloud, Minnesota, a strip mall that is home to a number of Somali-owned businesses. Hundreds of community members gathered in the parking lot, and the incident lasted roughly two hours. Agents pepper-sprayed and detained Mr. Noor, a United States citizen, and he was released with visible bruising to his face. The government alleges that Mr. Noor threw a brick at officers.

The government charged Mr. Noor by criminal complaint with felony assault on a federal officer under 18 U.S.C. § 111, and he made his initial appearance on January 28, 2026.[2] That same afternoon, then-Attorney General Pamela Bondi posted on X, formerly Twitter, from her official account, that "[f]ederal agents have arrested 16 Minnesota rioters for allegedly assaulting federal law enforcement," that "[w]e expect more arrests to come," and that "NOTHING will stop President Trump and this Department of Justice ["DOJ"] from enforcing the law." In a follow-up post, she listed the sixteen people by name. Mr. Noor was one of them.[3] The first post was viewed more

[2] ECF No. 5.

[3] *United States v. Adbebe*, No. 26-mj-77, ECF No. 64 at 4-5 & n.3 (D. Minn. June 3, 2026) (report and recommendation) (quoting the posts and listing the sixteen cases).

than three million times.[4] Hours later, the Department of Homeland Security ("DHS") posted that "[t]hese violent Anti-ICE anarchists will not deter DHS law enforcement," attaching photographs of several of the named individuals with their names and alleged offenses superimposed.[5]

Within two weeks, the government abandoned the felony against Mr. Noor. On February 11, 2026, it filed a misdemeanor Information charging the same statute,[6] just as it did for every one of the sixteen people named in the Attorney General's posts.[7] Reducing the charge eliminated Mr. Noor's right to a preliminary hearing at which he could have cross-examined the government's witnesses.[8]

**B. The case proceeds toward trial.**

The Court issued its trial order and the parties prepared for trial.[9] The government's disclosed witnesses are four ICE deportation officers, each of whom gave

---

4 *Adbebe* R. & R. at 5.

5 *Id.* at 6-7.

6 ECF No. 22.

7 *Adbebe* R. & R. at 7 & n.5.

8 *See* Fed. R. Crim. P. 5.1(a)(4).

9 ECF No. 50.

a recorded interview about the events. Mr. Noor disclosed three video recordings of the scene, two of them recorded by an eyewitness who is prepared to testify.

**C. Just before trial, the government moves to dismiss without prejudice.**

On November 17, 2026, ten months after the incident, the government moved to dismiss without prejudice under Rule 48(a).[10] It gave three reasons. First, "[t]he victim officer has left federal employment, and the United States has been unable to locate him to testify for trial." Second, "[t]he memories of the other witnesses have faded since the charged offense." And third, while "[s]everal spectators are known to have been recording in the vicinity," the government "to date has not found footage of the precise time and location."[11] The government asks to preserve the charge so it can prosecute again if a video surfaces that "would potentially provide proof beyond a reasonable doubt notwithstanding the absence of the victim's testimony or incomplete memories of other witnesses."[12] The motion does not say when the officer left federal employment, when the government learned he was unavailable, or what it did to find him. It does not say what the government has done in ten months to locate spectator video, or what it plans to do now. And it suggests that the Court rule "immediately,"

---

10 ECF No. 54.

11 *Id.* at 1-2.

12 *Id.* at 1.

because Mr. Noor could seek dismissal with prejudice later "in a motion to reconsider or in a motion to dismiss any future case."[13] The same day, the government filed a proposed order granting dismissal without prejudice.[14]

**D. This Court has already dismissed a companion case with prejudice.**

Kirubele Adbebe was another of the sixteen people named in the Attorney General's posts. After the government moved to dismiss his case without prejudice, Magistrate Judge Cowan Wright recommended dismissal with prejudice, concluding that it was "the only adequate remedy to protect Mr. Adbebe from prosecutorial harassment."[15] The government did not object, and Judge Nelson adopted the recommendation and dismissed the case with prejudice.[16]

## ARGUMENT

**I. The Court may dismiss with prejudice, and the question turns on the effect of a no-prejudice dismissal on Noor.**

The government may dismiss a complaint, information, or indictment only "with leave of court."[17] "The principal object of the 'leave of court' requirement is

---

13 *Id.* at 2 (citing *United States v. Oliver*, 950 F.3d 556, 562 (8th Cir. 2020)).

14 ECF No. 55.

15 *Adbebe* R. & R. at 36.

16 *Adbebe*, ECF No. 65.

17 Fed. R. Crim. P. 48(a).

apparently to protect a defendant against prosecutorial harassment."[18] That harassment classically takes the form of "charging, dismissing, and recharging."[19]

A Rule 48(a) dismissal is usually without prejudice.[20] But "when the Government seeks dismissal for an improper purpose, such as harassment, dismissal should be with prejudice."[21] The Eighth Circuit has also recognized that a defendant may obtain immunity from reprosecution after a Rule 48(a) dismissal in cases of "prosecutorial abuse."[22] Courts often recognize that, to protect a defendant from harassment, it "might rightly condition dismissal on its being with prejudice."[23]

Dismissing with prejudice does not intrude on executive authority the way refusing leave to dismiss would. The government gets what it asks for: the case ends. Whether it ends with or without prejudice "involves weighing considerations that, unlike the factors that are relevant to an exercise of prosecutorial discretion, are well

---

[18] *Rinaldi v. United States*, 434 U.S. 22, 29 n.15 (1977) (per curiam).

[19] *United States v. Jacobo-Zavala*, 241 F.3d 1009, 1012 (8th Cir. 2001).

[20] *DeMarrias v. United States*, 487 F.2d 19, 21 (8th Cir. 1973).

[21] *United States v. Garcia-Lopez*, 2026 WL 331200, at *1 (D. Minn. Feb. 6, 2026).

[22] *United States v. Feldhacker*, 849 F.2d 293, 295 (8th Cir. 1988).

[23] *In re United States*, 345 F.3d 450, 453 (7th Cir. 2003).

within the judicial wheelhouse as a matter of institutional competence."[24] In making that call, courts consider "(1) the purpose of the government's dismissal, (2) the presence or absence of good faith, and (3) the objective effect that dismissal without prejudice would have on the defendant."[25] A finding of bad faith is not required.[26] The Court can presume that the government acts in good faith here and still conclude, as it did in *Adbebe*, that a no-prejudice dismissal would harass the defendant.[27]

## II. The government's stated reason is the textbook case for dismissal with prejudice.

### A. The government wants to hold Noor's charge open indefinitely in the hope that evidence appears.

The government's motion is unusually candid about why it wants to dismiss without prejudice: It cannot prove its case now, and it wants to keep the charge available in case a missing witness can be found or a spectator's video surfaces. But courts have rejected that rationale.

In *Poindexter*, the government sought to dismiss two counts without prejudice because its investigation was incomplete, "witnesses who are now protected by the

---

[24] *Adams*, 777 F. Supp. 3d at 215.

[25] *United States v. Madzarac*, 678 F. Supp. 3d 42, 48 (D.D.C. 2023).

[26] *Adbebe* R. & R. at 26-27.

[27] *Id.* at 28-29.

privilege against self-incrimination may become available to testify," and it wanted "to protect against a rigid barrier" to future charges.[28] The court did not question the prosecutor's good faith.[29] But it held that a no-prejudice dismissal would force the defendant to "wait in a state of uncertainty and under public obloquy for an indefinite period of time until the government decided that, somehow, for some reason, the time had become more propitious for proceeding with a trial," and that this result, "objectively, would be harassment."[30] The court explained that "it is the Court's duty to protect defendant from the consequence of 'another prosecution at a different time . . . deemed more favorable to the prosecution' even if this could have the effect of conceivably hampering the government's plans down the road."[31]

This motion makes the same request. The government wants to wait until witnesses or video "become available." Absent a with-prejudice order, nothing limits that wait except the statute of limitations, which for this offense runs five years.[32] Mr. Noor would remain exposed to recharging until January 2031, with no way to know

---

28 *United States v. Poindexter*, 719 F. Supp. 6, 11 (D.D.C. 1989).

29 *Id.*

30 *Id.* at 12.

31 *Id.*

32 *See* 18 U.S.C. § 3282(a).

what development, real or claimed, might trigger it.[33] As the court put it in *Fields*, "the government is not free to indict, dismiss, and reindict solely to achieve a more favorable prosecutorial posture."[34]

**B. Nothing unexpected happened.**

Dismissal without prejudice may be appropriate "when the government faces an unexpected legal or factual development."[35] In *Feldhacker*, for example, re-prosecution was permitted because the trial court suppressed the defendant's confession after the first indictment, a "change in circumstances" the government did not know about when it charged.[36] There is no comparable development here.

A witness leaving his job and memories fading over ten months are the ordinary consequences of time, and the government controlled the timing of this prosecution. The absence of video is not news either. The government has known since January that it has no footage of the alleged assault. Nothing the Court did weakened the

---

33 *See United States v. Adams*, 777 F. Supp. 3d 185, 218 (S.D.N.Y. 2025) (defendant should not be left "in the dark as to what conditions might trigger renewal of the investigation or indictment").

34 *United States v. Fields*, 475 F. Supp. 903, 908 (D.D.C. 1979).

35 *Madzarac*, 678 F. Supp. 3d at 49.

36 849 F.2d at 295.

government's case. The government simply reached the eve of trial, found its evidence wanting, and moved to dismiss.

Nor has the government given the Court enough to evaluate its explanation. "[T]o honor the purpose of the rule, the trial court at the very least must know the prosecutor's reasons for seeking to dismiss the indictment and the facts underlying the prosecutor's decision."[37] The government doesn't say when the officer left, when it learned that, or what it did to find him. Nor what it has done to look for video, or what it will do differently now. In *Adbebe*, the court found that a vague reference to evidence, "without further explanation or description," did "not adequately state the Government's reason for seeking dismissal."[38] The same is true here.

### C. Time will only weaken the case, so a no-prejudice dismissal only keeps Noor under a cloud.

The government concedes that the witnesses' memories "have faded." They will not improve. Any future prosecution would rest on weaker testimony than the government has today, unless a video happens to appear. But Mr. Noor's defense depends on eyewitnesses too, and their memories are fading on the same clock. A no-prejudice dismissal would let the government alone decide whether and when to

---

37 *United States v. Derr*, 726 F.2d 617, 619 (10th Cir. 1984).

38 *Adbebe* R. & R. at 29-30.

resume, after the defense's ability to respond has eroded further. That one-sided option is exactly what Rule 48(a)'s leave-of-court requirement guards against.[39]

## III. The record of these prosecutions heightens the risk of harassment.

Mr. Noor is not an anonymous defendant whose case is quietly ending. The nation's chief law enforcement officer publicly named him as one of "16 Minnesota rioters," promised "more arrests to come," and declared that "NOTHING will stop" the DOJ. In *Adbebe*, the court found that the government's posts violated DOJ policies against releasing information that may influence a defendant's trial, and that "general deterrence" was not a legitimate law enforcement purpose for them.[40] The court also found that, absent dismissal with prejudice, "the Government would bring new charges against Mr. Adbebe if the Government thought it needed to reinforce the messages it was trying to send via the X posts."[41]

The same posts, the same message, and the same risk apply to Mr. Noor. A dismissal without prejudice would leave him publicly branded a "rioter" by the Attorney General of the United States, with a live threat of recharging hanging over

---

39 *See Poindexter*, 719 F. Supp. at 12; *Fields*, 475 F. Supp. at 908.

40 *Adbebe* R. & R. at 31 & n.15.

41 *Id.* at 31-32.

him for years. That is the "public obloquy" *Poindexter* warned against, magnified by the government's own publicity.[42]

This case also fits a pattern. The government charged all sixteen people named in the posts with felonies, then reduced every case to a misdemeanor, eliminating the right to a preliminary hearing in each.[43] It then began moving to dismiss those cases without prejudice, without stating any reason.[44] Across Minnesota, the government has dropped half of the 36 assault-or-impeding cases it brought in December 2025 and January 2026.[45] When a prosecution was announced with fanfare, and is now being abandoned because the government cannot prove it, the defendant is entitled to finality.

## IV. Noor shouldn't have to wait for a later prosecution to obtain relief.

The government suggests that the Court may grant its motion now because Mr. Noor can seek dismissal with prejudice later, "in a motion to reconsider or in a motion to dismiss any future case."[46] That is no answer. As the government's own

---

42 719 F. Supp. at 12.

43 *Adbebe* R. & R. at 7-8 & nn.5-6.

44 *Id.* at 15 & n.11.

45 Andrew Hazzard, , Minnesotans Protesting ICE and Local Law Enforcement Regularly Faced Criminal Charges in the Past Decade. Many Cases Get Dismissed., Sahan J. (June 18, 2026) (citing MPR News).

46 ECF No. 54 at 2.

parentheticals show, *Oliver* addressed whether a defendant had an adequate opportunity to be heard on a Rule 48(a) dismissal.[47] It did not hold that a court should defer the with-or-without-prejudice question to a future case. Mr. Noor is being heard now, and the question is ready for decision now. The Court should therefore decline to enter the government's proposed order.

Deferring the question would also impose the very harm that dismissal with prejudice prevents. In *Adbebe*, the court acknowledged that a defendant can raise these concerns when recharged, but concluded "that such an approach is not sufficient to protect Mr. Adbebe from prosecutorial harassment."[48] The point of a with-prejudice dismissal is to spare the defendant years of waiting under a cloud. Telling him he may challenge a later prosecution if one comes leaves him under that cloud until 2031. And *Garcia-Lopez* does not suggest otherwise. There, the defendant had been removed from the country, there was no evidence of tactical motive, and the defendant had not been the subject of a public campaign by the Attorney General.[49]

* * *

---

[47] 950 F.3d at 562.

[48] *Adbebe* R. & R. at 35.

[49] 2026 WL 331200, at *1–2; *see Adbebe* R. & R. at 35-36.

## CONCLUSION

The government has conceded it cannot prove this case. It should not be allowed to keep the charge in reserve for years in the hope that it can prove it someday. Abdikadir Noor respectfully asks the Court to grant the government's Motion to Dismiss in part and deny it in part, and to dismiss this case with prejudice.

Date: November 24, 2026

Respectfully submitted,

Jeffrey Sprout (ND #08770)
Dane DeKrey (MN #0397334)
**RINGSTROM DEKREY PLLP**
814 Center Avenue, Suite 5
Moorhead, MN 56560
(218) 284-0484
admin@ringstromdekrey.com
*Attorneys for Defendant*